FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

2013 JUN 20  AM 11:50

| | |
|---|---|
| Johnny L. Asbell Jr.<br><br>Plaintiff<br><br>vs.<br><br>Fairfield Financial Services, Inc.,<br>Tony Collins in his individual and<br>official capacities<br>Louise Ellen Carney in her individual and<br>official capacities<br><br>Defendant | CASE NO. _____<br><br>JUDGE _____<br><br>CV213-*84 |

## COMPLAINT
### (Failure to Respond to QWR per Dodd Frank Amendments)

This is an action for damages brought by Johnny L. Asbell Jr. for Defendant's violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA"). Specifically, Plaintiff seeks the remedies as provided in TILA and RESPA for Defendant's failures to respond to requests for the identity of the creditors of Plaintiff's three mortgage loans as required by 15 U.S.C. §1641(f) and 12 U.S.C. § 2605(e).

### Jurisdiction

1. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C § 1334 in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and

concerns property of the debtors in that case.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C §§ 157(b)(2), 1334.

3. This court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. § 2614.

6. Venue lies in this District pursuant to of 28 U.S.C. § 1391(b).

## Parties

7. The Plaintiff, Johnny L. Asbell Jr., is a natural person residing in Brunswick, Georgia..

8. Defendant, Fairfield Financial Services. (" Fairfield") is a corporation that services residential mortgage loans whose principal office address is listed with the Georgia Secretary of State's Office as P.O. Box 4763, Macon, Georgia 31208-4763

9. Defendant, Tony Collins was the President, Chief Executive Officer ("CEO"), of Fairfield Financial Services Inc., at the time of Plaintiff's instant loan origination, serving in his official capacity, from July 15, 2008, until Fairfield's dissolution.

10. Defendant, Louise Ellen Carney was the Chief Financial Officer ("CFO"), of Fairfield Financial Services Inc. at the time of Plaintiff's instant loan origination, serving in her official capacity, from July 15, 2008, until Fairfield's dissolution.

11. Defendant, Louise Ellen Carney is listed with the Georgia Secretary of State's Office as Registered Agent for Fairfield Financial Services Inc. who may be served at, 101 Sheraton Court, Macon, Georgia 31210.

12. Defendants engaged in the business of originating, purchasing, and selling residential mortgages.

## Facts

13. On February 29, 2008, Defendant, Fairfield originated a mortgage loan to Plaintiff for the purpose of acquiring a dwelling at 1134 King Cross, Brunswick. Ga 31525 (the " Property"), referred to in this Complaint as the "Mortgage Loan".

14. In connection with the Mortgage Loan the Plaintiff executed a promissory note (the "Mortgage Note") in the original principal amount of $339,200 payable to non-party Fairfield Financial.

15. To the best of Plaintiff's knowledge, information and belief, this said Mortgage Loan was serviced by the Defendant.

16. Plaintiff believes and therefore alleges that the true holder and owners of Plaintiffs' Mortgage Note is a securitized trust.

17. The Mortgage Loan, is a consumer credit transaction within the meaning of, and subject to, TILA.

18. Plaintiffs' Mortgage Loan,is a "federally related mortgage loan" as defined in 12 U.S.C. §2602(1) and therefore subject to RESPA.

**COUNT 1: Failure to provide the identity of the owner or master servicer of the Mortgage Note as required by TILA §131(f) [15 U.S.C. §1641(f)] and failure to respond to a "qualified written request" regarding the Mortgage Loan §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. §2605(e)(1).**

19. The allegations of paragraphs 1 through 18 of this Complaint are hereby re-alleged and incorporated by reference.

20. On May 9, 2011 Plaintiff, mailed a QWR to Defendant requesting the name of the owner of the Mortgage Note and clearly alerting Defendant to the fact that his request was being made pursuant to TILA §131(f). A copy of Plaintiff's request, the original of which Plaintiff's counsel mailed certified with return receipt requested, is attached hereto as Exhibit A.

21. Plaintiff's May 9, 2011 letter to Defendant is a "Qualified Written Request" as defined in §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. 2605(e)(1)(B)]. Thus Plaintiff's May 9, 2011 letter had the dual effect of invoking Plaintiff's rights under TILA §131(f) as well Plaintiff's rights under RESPA §6(e)(1).

22. Defendant failed to acknowledge receipt of Plaintiff's Qualified Written Request within 5 days as required by U.S.C. Section 2605(e)(1)(A) as amended effective April 6, 2012 by the Dodd-Frank Financial Reform Act and Reg. X Section 3500.21(e)(1).

23. Defendant failed to identify the owner of the Mortgage note within 10 days of receipt of Plaintiff's Qualified Written Request as required by 12 U.S.C. 2605(k) as amended effective July 2, 2010 by the Dodd-Frank Financial Reform Act and as recently as April 22, 2013 has never provided Plaintiff with a valid response, pursuant to and thus violating both 12 U.S.C. §2605(e)(1) (RESPA) and 15 U.S.C. §1641(f) (TILA) with respect to the Mortgage Loan.

**WHEREFORE**, the Plaintiff having set forth his claims for relief against the Defendant respectfully prays of the Court as follows:

That the Plaintiff be granted relief provided by TILA as to the violation of TILA set forth above, including statutory damages in the amount of $4,000.00; and

That the Plaintiff be granted relief provided by RESPA as to the violation of RESPA set forth above, including statutory damages in the amount of $2,000.00; and

That the Plaintiff be granted actual damages if any be proven, and costs expended in this proceeding; and

That the Plaintiff has such other and further relief as the Court may deem just and proper.

Dated this the 20th day of June, 2013.

Respectfully submitted,

*[signature]*
Johnny L. Asbell Jr.
P.O Box 294
Brunswick, GA 31521

CERTIFICATE OF SERVICE ATTACHED HERETO AS PAGE 5

## CERTIFICATE OF SERVICE

Plaintiff, Johnny L. Asbell Jr. hereby certify to the Court as follows:
I have this day served a copy of the foregoing **COMPLAINT** on all parties in interest by placing the same in an envelope and mailing by certified mail.
return receipt, postage prepaid, as indicated below, addressed as follows:

Carney, Louise Ellen
101 Sheraton Court Macon, GA 31210
Macon, Georgia 31210

**Registered agent for** Fairfield Financial Services, Inc

Dated this the _____ day of June, 2013

Respectfully submitted,

_Johnny L. Asbell Jr._
Johnny L. Asbell Jr.

## VERIFICATION

I, Plaintiff, Johnny L. Asbell Jr., having been duly sworn, under penalty of perjury, deposes and says that I am over the age of eighteen (18) and mentally competent to testify. I have prepared and read the foregoing pleading, the facts stated therein are from firsthand knowledge and are true and correct.

I further depose while sworn and under penalty of perjury, that all Exhibits are true, correct, unaltered copies.

*Johnny L. Asbell Jr.*
Johnny L. Asbell Jr.

State of GEORGIA

County of GLYNN

On this, the 20th day of June, 2013, before me a notary public, the undersigned officer, personally appeared Johnny L. Asbell known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In witness hereof, I hereunto set my hand and official seal.

)SS:
)

*L. Moore (Laquambia Moore)*   SEAL
Notary Public Exp. Feb 18, 2014



6 of 6

---

COMPLAINT
(Failure to Respond to QWR per Dodd Frank Amendments)

DUPLICATE

Court Name: Southern District of Georgia
Division: 2
Receipt Number: BWK004657
Cashier ID: casbell
Transaction Date: 06/20/2013
Payer Name: Johnny L. Asbell, Jr.
--------------------------------------
CIVIL FILING FEE
 For: Johnny L. Asbell, Jr.
 Amount:      $400.00
--------------------------------------
CASH
 Amt Tendered: $400.00
--------------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00

New case CV213-84

